507 A.2d 1245

**MANOR JUNIOR COLLEGE, Appellant,**

v.

**KALLER'S INC. and John J. Spencer Roofing, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued March 12, 1985.

Filed April 18, 1986.

William J. Barker, Jr., Philadelphia, for appellant.

Dean F. Murtagh, Philadelphia, for appellees.

Before McEWEN, CERCONE and TROMMER *, JJ.

McEWEN, Judge:

We here consider an appeal from a compulsory non-suit in favor of one of the appellees, John J. Spencer Roofing, Inc. ("Spencer"), in a suit arising from a contract under which Kaller's, Inc. ("Kaller") agreed to perform certain renovation work for appellant and then subcontracted the job to Spencer. We affirm.

Manor Junior College entered into a written contract with Kaller under which Kaller was to install a new roof on a college building. Kaller and Spencer then entered into an unwritten agreement that called for Kaller to supply all of the materials and Spencer to provide most of the workmanship necessary to replace the old roof with a new one. When rainstorm water caused interior damage to the building during the construction of the roof and Kaller did not proceed to take satisfactory preventive measures, appellant ordered Kaller "off of the job" and secured another roofer to install the roof.

Appellant thereafter brought suit against both Kaller and Spencer. The trial judge, prior to the trial, ruled that appellant had failed to state a cause of action in negligence against Spencer and at the conclusion of the testimony refused to submit to the jury appellant's claim against

---

* Honorable Evelyn M. Trommer of the Court of Common Pleas of Philadelphia County is sitting by designation of the Pennsylvania Supreme Court.

Spencer under the contract. The claim against Kaller, however, was submitted to the jury which determined that Kaller was liable to appellant. Kaller and appellant had stipulated that, in the event of a verdict in favor of appellant and against Kaller, the damages would be set at the sum of $140,000.00.

Appellant raises the following issues in this appeal:
(1) Whether appellant was a third-party beneficiary of the oral contract between Kaller's and Spencer.
(2) Whether an implied warranty of reasonable workmanship applies to one who renders construction services but who does not sell a product.
(3) Whether the trial court erred in finding that appellant had failed to state a cause of action in negligence against Spencer.

■ We note, as we commence our seriatim discussion of the assertions of appellant, that the standard for designation of a party as a third party beneficiary was clearly established by our Supreme Court in *Spires v. Hanover Insurance Company*, 364 Pa. 52, 70 A.2d 828 (1950), when it ruled that a party does not become a third party beneficiary unless both parties to the contract express an intention to benefit the third party in the contract itself.

To be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by *one* of the parties to the contract and the *third person* that the later should be a beneficiary, but *both parties to the contract* must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; the obligation to the third party must be created and must affirmatively appear, in the contract itself....

*Spires v. Hanover Insurance Co., supra*, 364 Pa. at 56–57, 70 A.2d at 830–831 (footnote omitted) (emphasis in original).

It is true that our Supreme Court in *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983), adopted the Restatement (Second) of Contracts Section 302 (1979)[1] as an acceptable method to determine the rights of a person claiming the status of third party beneficiary but, as the court did so, it repronounced the basic principle established in *Spires* and took pains to make clear that the application of the Restatement was restricted to a quite "narrow class" and is to be seen as a supplement to the *Spires* standard.

The question posed in *Guy v. Liederbach, supra,* was whether an individual—who, after being named as a beneficiary as well as an executrix of a will, was directed by the scrivner attorney to witness the will—was a third party beneficiary of the contract between the testator and the attorney since, otherwise, by reason of her role as a witness to the will, the gift to her as beneficiary and the appointment of her as executrix became void. *Id.*, 501 Pa. at 51, 459 A.2d at 746. The eminent Justice William D. Hutchinson quite deftly resolved this perplexing situation when he stated:

> While we agree with appellants that the *Lucas*[2] standard is too broad, we nevertheless feel that a properly

1. Restatement (Second) of Contracts § 302 (1979) states:
 **§ 302. Intended and Incidental Beneficiaries**
 (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
 (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
 (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
 (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

2. *Lucas v. Hamm,* 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685, (1961) *cert. denied* 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962), states the California rule which allows an attorney to be held liable for damages caused by his negligene to a person intended to be benefited by his performance regardless of any lack of privity. The *Lucas* standard involves a balancing of several factors: the extent to which the transaction was intended to benefit the plaintiff; the foreseeability of harm to the plaintiff; the degree of certainty of that harm; and the policy of preventing future harm.

restricted cause of action for third party beneficiaries in accord with the principles of Restatement (Second) of Contracts § 302 (1979) is available to named legatees, such as appellee, who would otherwise have no recourse for failed legacies which result from attorney malpractice.... [A] named legatee of a will may bring suit as an intended third party beneficiary of the contract between the attorney and the testator for the drafting of a will which specifically names the legatee as a recipient of all or part of the estate.... [T]he *grant of standing to a narrow class of third party beneficiaries seems* "appropriate" under Restatement (Second) of Contracts § 302 where the intent to benefit is clear and the promisee (testator) is unable to enforce the contract.

*Id.*, 501 Pa. at 51, 459 A.2d at 746–747 (emphasis supplied).

[W]e feel persons who are named beneficiaries under a will and who lose their intended legacy due to the failure of an attorney to properly draft the instrument should not be left without recourse or remedy as they would if appellants' argument [regarding the standard to be applied] were wholly adopted.

*Id.*, 501 Pa. at 63, 459 A.2d at 752.

We believe that Restatement (Second) of Contracts § 302 (1979) provides an analysis of third party beneficiaries which permits a properly restricted cause of action for beneficiaries such as appellee. In adopting this standard, ... we overrule *Spires* to the extent that it states the *exclusive* test for third party beneficiaries.

*Id.*, 501 Pa. at 59, 459 A.2d at 751 (emphasis supplied).

We are not persuaded that this is a case which requires us to apply the Restatement (Second) approach or that Manor Junior College was a third party beneficiary of the unwritten contract between Kaller and Spencer. Rather, we are of the mind that our Supreme Court intended to limit the application of Section 302 of the Restatement (Second) of Contracts to cases involving (1) a legatee resembling the subject of the *Guy v. Liederbach* decision, and (2) a situation that either closely resembles the subject of that case or

is as compelling. Otherwise, the application of the Restatement (Second) approach would extend beyond what the Supreme Court declared to be a "narrow class" and would render rather meaningless the expressed desire of the Supreme Court to refrain from overruling *Spires* in its entirety. We are simply unable to conclude that the Supreme Court intended to extend the Restatement (Second) approach to a claim based upon so nebulous a source as the unwritten contract here in dispute.

Our course is, thus, to apply the *Spires* test to the claim of appellant and our application of that standard to this claim compels the conclusion that appellant was not a third party beneficiary of the unwritten contract between Kaller and Spencer. Spencer was aware that Manor Junior College was the site of the job and was the owner of the building upon which the roof was to be installed, but the record does not reflect that the agreement between Kaller and Spencer included the expression by Spencer of any obligation to the college nor any indication by Spencer that the college was an intended beneficiary of the agreement. A scrutiny of the portions of testimony which purportedly establish that Mr. Spencer considered the college an intended beneficiary merely demonstrates that Spencer was aware that the work was to be performed on a building at the college:

Q.: Then sometime after the meeting on the roof with Mr. Ramsden, your firm and Kaller's, Inc. reached an oral agreement regarding the work your company was to perform; isn't that true?

Mr. Spencer: Yes.

Q.: And, you had an oral agreement with Kaller's, Inc. by which your firm agreed to rip up the existing roof of Perpetual Hall at Manor Junior College and apply the Celotex inverted roof, and Kaller's agreed to do the metal work; isn't that true?

Mr. Spencer: Yes.

\* \* \* \* \* \*

Q.: It was understood by you and Kaller's, Inc. that the work was to be done for Perpetual Hall at Manor Junior College; isn't that true?

Mr. Spencer: My understanding counselor, is that I was working for Mr. Kaller's. He employed me to do a job for him, to rip up a roof and install a new roof.

Q.: But your understanding was that the work was being done on Manor Junior College, Perpetual Hall?

Mr. Spencer: Yes.

Q.: And, in fact, the sole purpose of your agreement with Kaller's, Inc. was for your, for your firm to install the roof at Manor Junior College and to be paid $14,000 to $17,000 for doing so?

[Objections overruled]

Mr. Spencer: $14,000 to $17,000, yes.

Q.: That was the sole purpose of your agreement with Kaller's, was to install that roof for that price, is that right?

Mr. Spencer: Yes. (N.T. 3.6–3.8)

■ Therefore, the finding is inescapable that Spencer did not in his agreement with Kaller intend the college as a beneficiary, and the conclusion necessarily follows that the college was not a third party beneficiary of the contract between Kaller and Spencer.

Appellant next asserts that Spencer is liable to it by reason of an implied warranty of workmanlike performance which is alleged to have flowed to Manor Junior College as a result of the work Spencer performed at the college. We disagree. While appellant does not allege that there was any privity of contract between itself and Spencer, appellant does argue that it is covered by an implied warranty even in the absence of privity and relies upon the pronouncements of our Supreme Court in *Kassab v. Central Soya,* 432 Pa. 217, 246 A.2d 848 (1968) and *Salvadore v. Atlantic Steel Boiler Co.,* 457 Pa. 24, 319 A.2d 903 (1974) to support that argument. In *Kassab v. Soya, supra,* our Supreme Court abolished the requirement of vertical privity in actions for

breach of warranty, while in *Salvadore v. Atlantic Steel Boiler Co., supra,* it eliminated the requirement of horizontal privity in warranty actions. Our Supreme Court eliminated the requirement of privity in these actions, which were brought under the warranty provisions of the Uniform Commercial Code ("U.C.C.") [3], so as to achieve a symmetry between cases brought in tort under Section 402A of the Restatement (Second) of Torts (1965) and those actions brought under the warranty provisions of the U.C.C. *See Williams v. Penn Power Co.,* 502 Pa. 557, 563–568, 467 A.2d 811, 814–816 (1983).

 Thus, it would seem that the lack of privity would not preclude a claim against Spencer provided that such a claim were based upon the warranty provisions of the Uniform Commercial Code or upon Section 402A of the Restatement (Second) of Torts. Appellant has not pleaded a claim under Section 402A of the Restatement (Second) of Torts, but rather urges that the implied warranty of workmanlike performance arose by reason of the applicability of the U.C.C. to the work performed by Spencer. Since, however, Spencer was hired by Kaller to perform a service, specifically, to provide most of the labor for the installation of a roof, we must reject the assertion of appellant that the U.C.C. is applicable. An argument similar to that presently raised by appellant was rejected by the Commonwealth Court in *General State Authority v. Sutter Corp.,* 44 Pa.Cmwlth. 156, 403 A.2d 1022 (1979). There, with reliance upon *Kassab* and *Salvadore* the argument was made that the plaintiff was a beneficiary of either an expressed or implied warranty in spite of there being no privity of contract. This argument was rejected on the basis that the case involved neither the U.C.C. nor Section 402A of the Restatement (Second) of Torts. *General State Authority v. Sutter Corp., supra* at 164, 403 A.2d at 1026. We too are compelled to conclude that, since there was no privity of contract between appellant and Spencer and since this case does not involve the U.C.C. or Section 402A of the Restate-

**3.** Act of November 1, 1979, P.L. 255, No. 86, 13 Pa.C.S. § 1101 *et seq.*

ment (Second) of Torts, appellant cannot proceed directly against Spencer for breach of an implied warranty. *See also Lemley v. J & B Tire Co.*, 426 F.Supp. 1378 (W.D.Pa. 1977).

Thus, since Manor Junior College was not a third party beneficiary and since there was no implied warranty, the distinguished Judge Paul M. Chalfin properly refused to submit to the jury the assumpsit claims of appellant against Spencer.[4]

Finally, appellant claims that the trial court erred in finding that appellant had failed to state a cause of action in negligence. Appellant's complaint, entitled "Complaint in Assumpsit and Trespass", included the following averments:

## COUNT III

*Manor Junior College vs. John Spencer t/a Spencer Roofing Co.*

\* \* \* \* \* \*

40. Upon information and belief, plaintiff avers that the material supplied by defendant Spencer was defective and breached defendant Spencer's implied warranty of merchantability with respect to such material as set forth in § 2–314 of the Uniform Commercial Code; that the services rendered by defendant Spencer were rendered in an unworkmanlike and negligent fashion in breach of the terms and conditions of the subcontract and the Agreement between plaintiff and defendant Kaller's, and in breach of a duty owed by defendant Spencer to plaintiff as owner of Perpetual Hall.

41. As a consequence of such breach, plaintiff has suffered damages as specified in paragraphs 11 through 14 of Count I hereof, which are incorporated herein by reference as though the same was set forth at full length.

\* \* \* \* \* \*

---

**4.** Pa.R.C.P. 1001 (b)(1), effective July 1, 1984, provides: "All claims heretofore asserted in assumpsit or trespass shall be asserted in one form of action to be known as 'Civil Action'." This litigation, of course, preceded this enactment.

A complainant need only state the material facts upon which a cause of action is based. It is the duty of the trial court to discover the cause or causes of action which are supported by the facts alleged. *Bartanus v. Lis*, 332 Pa.Super. 48, 55, 480 A.2d 1178, 1182 (1984). Here, the trial court properly concluded that paragraphs 40 and 41 of the Complaint cannot reasonably be read as alleging a cause of action in negligence or as alleging facts which would support a cause of action in negligence. While the language employed to describe how the contract was breached includes the terms "unworkmanlike" and "negligent", the allegations clearly sound in breach of contract and not negligence. No factual allegations appear in the complaint which would support the argument that a cause of action in negligence was alleged. Furthermore, the pretrial statement filed by appellant on June 15, 1982, stated that the nature of the cause of action was "to recover direct, incidental and consequential damages arising from a breach of contract, breach of express guarantee and breach of implied warranty that arose in the summer of 1978". It seems rather certain, therefore, that a negligence cause of action against Spencer was neither intended nor pleaded by appellant.

Judgment affirmed.