## Simpson v. First National Bank of Slippery Rock

*Henry S. Moore,* for plaintiffs.
*Lester S. Becker,* for defendant.
*Henry S. Moore,* pro se for additional defendant.

FORNELLI, *J.,* September 16, 1987—Plaintiffs filed a complaint seeking damages from First National Bank of Slippery Rock for its alleged tortious interference with their article of agreement with Joan G. Rajacich for the purchase from plaintiffs of real estate in Worth Township. The procedural history is somewhat complex, and begins with the original complaint and the filing and denial of preliminary objections. A related suit was instituted by defendant bank in Venango County, with plaintiffs here filing a counterclaim alleging another tortious interference with the sale of certain other real estate of plaintiffs in Worth Township to Albert J. and Mary E. Yarzebinski. This counterclaim was subsequently withdrawn and an amended complaint, joining both the Rajacich and Yarzebinski claims was filed in Mercer County. An answer to amended complaint, new matter and counterclaim was filed by defendant bank, and the attorney for buyers

Yarzebinskis (who also represented plaintiffs) was joined as an additional defendant by the bank. The counterclaim of the bank to the amended complaint has since been withdrawn. Preliminary objections in the nature of a demurrer, motion to strike and motion for more specific pleading have also been filed by the additional defendant and are now before the court. They raise two issues: whether additional defendant attorney was properly joined and whether the bank's complaint against additional defendant states a cause of action.

The bank's complaint to join alleges that the buyers Yarzebinski applied for a loan which was approved on the condition that buyers' attorney submit a preliminary title report noting exceptions to the bank before closing. When the bank received a final title certificate from the additional defendant attorney with exceptions which had not previously been disclosed to the bank, they refused the loan stating that they could not approve the exceptions. Additional defendant was joined on the basis that this conduct caused harm to plaintiff sellers in that the bank was forced to withdraw the loan to buyers Yarzebinski because of a failure of buyer's attorney to comply with proper procedures.

## DISCUSSION

Additional defendant has filed a motion to strike, arguing that the bank, having filed a counterclaim against plaintiffs which was not founded on the original cause of action, may not join him under Pa.R.C.P. 2256(a). A motion to strike is proper when the pleading at issue fails to conform to law or rule of court, or when it contains scandalous or impertinent matter.[1] Additional defendant argues that

1. Pa.R.C.P. 1017(b)(2).

because joinder under rule 2256(a) is improper, the complaint to join should be stricken for failure to conform to rule of court. Were this the basis for joinder, we would agree that additional defendant had been improperly joined. However, since the counterclaim has been withdrawn, this issue is not before us and the joinder must be examined on another basis.

Original defendant bank argues that additional defendant Moore was joined pursuant to Pa.R.C.P. 2252(a) which states:

"(a) In any action defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which plaintiff's cause of action is based."

Original defendant has alleged that additional defendant is alone liable or liable over or is jointly or severally liable with the bank to plaintiffs, and thus was properly joined under rule 2252(a). The joinder is based on defendant's allegations that the loan was not improperly withdrawn and that defendant attorney's failure to note exceptions on a preliminary title report was the cause of plaintiffs' loss.

The rule permits joinder based on the theory that additional defendant is liable for the harm, even though plaintiff's loss was caused by conduct which is different from that alleged by plaintiff. It is not based on the theory that the additional defendant caused the same harm claimed by plaintiff, but rather, that the actions of the additional defendant

were actually the source of the loss. So long as the harm arises from the same transaction or occurrence, joinder is permissible. See *Hickman v. Bross,* 11 Mercer Co. L.J. 351 (1971); 8 Goodrich-Amram 2d, sec. 2252(a):5 and 6.

The rule is to be broadly construed so that multiple lawsuits do not result from claims which arise out of the same general transaction as that alleged in plaintiffs' complaint. *Svetz for Svetz v. Land Tool Co.,* 355 Pa. Super. 230, 235-36, 513 A.2d 403, 405-06 (1986). Liberal construction also ensures not only that every interested party has the opportunity to defend at one time, but also that defendant is not prejudiced by being required to wait until plaintiffs' action is ended before seeking contribution from others. *DiLauro v. One Bala Avenue Associates,* 357 Pa. Super. 209, 213, 515 A.2d 939, 941-42 (1986).

The requirement that the harm arise from the same transaction or occurrence is met when all claims arise from the same factual background. *First Federal Savings and Loan Association of Mercer County v. Ramage,* 16 Mercer Co. L.J. 179 (1978); *Crooks v. Stewart,* 15 Mercer Co. L.J. 162 (1976).

Because the cause of action asserted by original defendant arises from the same transaction as that alleged by plaintiffs, joinder is proper. The transaction in question consisted of several events, all of which relate to the sale of a parcel of real estate by plaintiffs and the conduct of various parties concerned with effecting that transaction. Therefore, additional defendant's motion to strike on the basis of improper joinder is refused.

Additional defendant has also demurred to the complaint of the original defendant bank, arguing that it fails to state a cause of action. Although joinder may be permitted under rule 2252(a), the

complaint must still allege sufficient facts on which to base a cause of action. In ruling on a demurrer, all well pleaded facts and all reasonable inferences deducible therefrom must be accepted as true. A demurrer can be sustained only in cases which are clear and free from doubt, and the inability of recovery upon the facts averred in the complaint must appear with certainty. *Rousseau v. City of Philadelphia,* 100 Pa. Commw. 173, 514 A.2d 649, 651 (1986).

Original defendant bases its allegations of additional defendant's liability on a third-party beneficiary theory. Although it is unclear from the complaint, it appears that the bank is arguing that additional defendant Moore's failure to note title exceptions constituted a breach of contract with his clients, the Yarzebinskis. This breach caused the bank to withdraw the loan and ultimately injured plaintiff sellers, who were the third-party beneficiaries.[2]

The standard for recovery as a third-party beneficiary was set forth in *Spires v. Hanover Fire Insurance Co.,* 364 Pa. 52, 70 A.2d 828 (1950), in which it was held that in order for such a party to have standing to recover on a contract, both promisor and promisee must have expressed an intention in the contract that the third party be a beneficiary. Writ-

---

2. Because of the vague nature of the allegations, it is also possible that the bank is alleging that defendant Moore breached his contract with the bank by failing to perform the obligations required by it in its letter to him detailing closing instructions. Nevertheless, the same analysis would apply, as the theory still concerns a duty between an attorney and his client and liability to third parties. We note, however, that there is no specific allegation of any contract between defendant Moore and the bank, and thus there are insufficient facts for a cause of action on this theory.

ing for the majority, Justice Stern also noted that: "[A] promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; the obligation to the third party must be created, and must affirmatively appear in the contract itself. . . ." Id. at 57, 70 A.2d at 830-31 (footnote omitted).

Under this standard, plaintiffs could not be considered third-party beneficiaries as there is no evidence that the buyers and additional defendant Moore entered into a contract, a purpose of which was to benefit plaintiffs or defendant bank. Although benefit would accrue to them through the sale and financing of the real estate, their benefit was not contemplated or intended in the contract between buyers and their attorney. They were not clients of the attorney for the purpose of the title work nor were they intended to be conferred enforceable rights by the attorney's contract with the purchaser. Rather, the contract related solely to buyer's need for a title search and document preparation regarding their purchase. Any benefit to plaintiffs and the bank was incidental.

Although additional defendant Moore also acted as seller and as plaintiffs' attorney for other matters, his alleged liability here relates to a breach of his contract with buyers through a claimed negligent title search and/or improper report to the bank.[3]

---

3. See *Hoyer v. Frazee*, 323 Pa. Super. 421, 425-26, 470 A.2d 990, 992-93 (1984), in which claims in both assumpsit and negligence were based on the attorney's alleged failure to exercise due care in a title search. The court held that a standard of care analysis was appropriate to the claims of breach because of allegations of negligence in the search which rendered the title search incorrect.

There are no allegations that there was a direct breach of any contract with sellers nor any allegations of negligence with regard to the performance of that contractual obligation. Therefore, any liability must be based on his negligent acts in regard to his clients, the Yarzebinskis, and the ultimate impact of those acts on third parties.

The general rule is that absent special circumstances, an attorney cannot be held liable for any consequences resulting from his professional negligence to anyone but his client. 45 ALR 3d 1181, 1187, citing *Savings Bank v. Ward,* 100 U.S. 195, 202, 25 L. Ed. 621 (1879), cited in 45 ALR 3d 1181, 1187.

The rule is still valid in Pennsylvania that those not in privity of contract with an attorney have no standing to assert claims against him for professional negligence. *Sachs v. Levy,* 215 F. Supp. 44 (E.D. Pa., 1963).

There are few cases dealing with an attorney's liability to others resulting from a breach of contract to his client through negligent acts. The few our research has revealed deal mostly with title searches and improperly drafted wills. In *Bearhalter v. Tracy,* 20 D.&C.3d 1 (1981), a situation similar to the case at bar was present. Buyers sued sellers' attorney for failing to exercise due care in the preparation of a deed which sellers were without authority to execute. Defendant attorney argued that he had not represented buyers in preparing the deed and thus, owed no duty to them Citing *Davis v. Community Legal Services Inc.,* 9 D.&C.3d 367 (1979), quoting 1 Standard Pa. Pract., Liability to Third Persons, sec. 228 at 369, the court noted:

"An attorney is not ordinarily liable to third persons for the acts of his clients or for his own acts, committed in the exercise of his proper functions as

attorney, pertinent to the matter in question. He is liable for negligence in the conduct of his professional duties, arising only from ignorance or want of care, to his client alone — that is, to the one with whom the attorney's contract of employment and services exists — and not to third persons. . . .." *Bearhalter,* supra, at 5-6.

This is in conformity with the general rule that there is no liability to third persons unless they were intended beneficiaries of a contract. An agreement between an attorney and his client does not fit into the traditional scope of third-party beneficiary contract analysis, and therefore, there ordinarily can be no recovery from an attorney by a person other than his client.

This standard has been relaxed somewhat in recent years, beginning with *Lucas v. Hamm,* 56 Cal. 2d 583, 364 P.2d 685 (1961), cert. denied 368 U.S. 987, 82 S.Ct. 603 (1962). In *Lucas,* an intended beneficiary under an invalid will sought to sue the attorney who had negligently drafted the instrument. The court overturned the privity requirement and permitted the cause of action, reasoning that under prior rules, the only person with standing to sue would be the deceased testator. Since the testator's intent was to provide for the beneficiary, and without modifying the standard the attorney would not be accountable to anyone for his error, as the beneficiary and executors all lacked standing, the previous requirements were relaxed. California case law further expanded the situations in which the new rule was applicable.

The same issue was addressed by the Pennsylvania courts in *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983). However, the court in *Guy* refused to accept the broad standard adopted by the California courts, noting:

"We retain the requirement that plaintiff must show an attorney-client relationship or a specific undertaking by the attorney furnishing professional services, as in *Lawall,* as a necessary prerequisite for maintaining such suits in trespass on a theory of negligence." Id. at 58, 459 A.2d at 750.

The court did permit "third-party beneficiaries" to sue in contract under certain circumstances, and defined a narrow class of individuals to whom this new standard would apply.[4] While setting forth the limited circumstances under which this theory would be available, the Superior Court in a subsequent opinion stated:

"[I]t is true that our Supreme Court in *Guy v. Liederbach,* (citation omitted) adopted the Restatement (Second) of Contracts, section 302 (1979) as an acceptable method to determine the rights of a person claiming the status of third-party beneficiary but, as the court did so, it repronounced the basic principle established in *Spires* and took pains to make clear that the application of the Restatement was restricted to a quite 'narrow class' and is to be

---

4. The relaxed standard was based on Restatement (Second) of Contracts, section 302 (1979) which states:

"Intended and Incidental Beneficiaries

"(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

"(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

"(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

"(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary."

seen as a supplement to the *Spires* standard." *Manor Junior College v. Kaller's Inc.*, 352 Pa. Super. 310, 314, 507 A.2d 1245, 1247 (1986).

There is no indication that this class was expanded to include plaintiffs such as those in the case at bar. Rather, the adoption of a broader standard addressed the needs of plaintiffs such as those in *Guy*, intended beneficiaries under a will who were without other remedy and without which remedy the essence of the contract would be frustrated. Quoting Justice Hutchison in *Guy*, the *Manor Junior College* court continued:

"A named Legatee of a will may bring suit as an intended third party beneficiary of the contract between the attorney and the testator for the drafting of a will which specifically names the legatee as a recipient of all or part of the estate . . . . [T]he grant of standing to a narrow class of third-party beneficiaries seems 'appropriate' under Restatement (Second) of Contracts Section 302 where the intent to benefit is clear and the promisee (testator) is unable to enforce the contract." Id. at 315, 507 A.2d at 1247 quoting *Guy*, supra, at 51, 459 A.2d at 746-47 (emphasis by *Manor* court).

Original defendant bank has not alleged sufficient facts to establish the liability of additional defendant Moore on a traditional third-party beneficiary theory, nor under any other theory concluded from the allegations contained in its complaint to join. Neither is anything pleaded by which a breach of contract with plaintiffs can be sustained since there is no allegation of any breach by additional defendant in his capacity as an attorney for plaintiffs. Thus, the demurrer must be sustained and original defendant's complaint against additional defendant dismissed.

Also before the court is a motion for a more specific pleading by defendant. Because of our disposition of the demurrer, we need not address this motion.

Hence, this

## ORDER

And now, this September 16, 1987, additional defendant Moore's demurrer is sustained.