**ISRAEL PHOENIX ASSURANCE COMPANY, LTD., as Subrogee and Assignee, Plaintiff,**

v.

**SMS SUTTON, INC. a/k/a Sutton Engineering Company and Hodgson Steel, Inc., Defendants.**

Civ. A. No. 89–2372.

United States District Court,
W.D. Pennsylvania.

March 20, 1992.

Stacey Vernallis, Pittsburgh, Pa., for plaintiff.

Thomas E. Birsic, Ralph A. Davies, Pittsburgh, Pa., for defendants.

### MEMORANDUM OPINION

LEWIS, District Judge.

In 1987, defendant SMS Sutton, Inc. ("Sutton") sold a replacement main cylinder for a hydraulic extrusion press to an Israeli company, KLIL Industries, Ltd. ("KLIL"). Defendant Hodgson Steel, Inc. ("Hodgson") had manufactured that replacement cylinder. The cylinder later malfunctioned on three occasions, each of which temporarily shut down KLIL's plant. It eventually had to be replaced, requiring a fourth shutdown. Plaintiff Israel Phoenix Assurance Company, Ltd. ("Israel Phoenix") provided insurance coverage during these shutdowns and now sues defendants as KLIL's assignee and subrogee, claiming more than $800,000 in repair costs, replacement costs and lost profits as damages.

Plaintiff's amended complaint alleges breach of contract, breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, misrepresentation and negligence. In response to the currently pending motions for summary judgment, plaintiff has withdrawn its claims of misrepresentation

and negligence. Therefore, remaining in this case are a claim of breach of express warranty against Sutton and claims of breaches of implied warranties of merchantability and fitness for a particular purpose against both Hodgson and Sutton.

Hodgson seeks summary judgment on the two claims remaining against it. Hodgson asserts that Israel Phoenix, as subrogee and assignee of KLIL, lacks standing to assert breach of warranty claims against it because KLIL was not in privity with it. The parties agree that KLIL had no contract with Hodgson. Rather, KLIL contracted with Sutton to provide a replacement cylinder, and Sutton contracted with Hodgson to manufacture the cylinder.

Because privity is not required to recover on a breach of warranty claim under Pennsylvania law, Hodgson's motion will be denied.

## I. The Breach of Warranty Claims

Israel Phoenix brings this case under the Uniform Commercial Code (the "UCC") as adopted by the Pennsylvania legislature. Pursuant to the UCC, unless excluded or modified, each sale of goods is accompanied by two implied warranties. The first, the implied warranty of merchantability, is set forth in 13 Pa.C.S.A. § 2314 as follows:

> Unless excluded or modified ... a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

It is undisputed that Hodgson is a merchant with respect to replacement cylinders.

The second implied warranty, the warranty of fitness for a particular purpose, is set forth in 13 Pa.C.S.A. § 2315 as follows:

> Where the seller at the time of contracting has reason to know:
> (1) any particular purpose for which the goods are required; and
> (2) that the buyer is relying on the skill or judgment of the seller to select or furnish suitable goods;
> there is unless excluded or modified ... an implied warranty that the goods shall be fit for such purpose.

Hodgson argues that only persons or entities who are in contractual privity with it may bring suit against it for breach of these implied warranties. Thus, in this case, Hodgson would argue that Israel Phoenix may recover only from Sutton, the party with whom KLIL contracted. Sutton, as the party which contracted with Hodgson, is the only party which could assert a breach of warranty claim against Hodgson under Hodgson's reasoning.

## II. Pennsylvania Law on the Privity Issue

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court's duty in a case governed by Pennsylvania law such as this one is to apply Pennsylvania law as stated by the Pennsylvania Supreme Court. *Commercial Union Ins. Co. v. Bituminous Cas. Corp.*, 851 F.2d 98 (3d Cir.1988). If the Pennsylvania Supreme Court has not spoken on the matter, the federal court must attempt to predict what it would say based upon decisions issued by lower state courts. *Cicarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548 (3d Cir.1985).

Pennsylvania law on the issue of whether privity of contract is required in order to state a claim for breach of warranty has developed over the years. Because breach of warranty claims often parallel and, indeed, are used to recover the same damages as strict products liability claims, the development of this area of the law has reflected the development of strict products liability law. This development came to a head, resulting in the abolition of a privity requirement in breach of warranty claims asserted against manufacturers or suppliers by those farther down the chain of distribution, in 1968 in *Kassab v. Central Soya*, 432 Pa. 217, 246 A.2d 848 (1968), *overruled on other grounds, AM/PM Franchise Assoc. v. Atlantic Richfield Co.*, 526 Pa. 110, 584 A.2d 915 (1990).

The plaintiffs in *Kassab*, who were cattle farmers, had ordered a certain blend of cattle feed from a supplier. Defendant Central Soya manufactured one of the in-

gredients in the blend. Shortly after ingesting the new blend, plaintiffs' cows began to abort their calves, and their bull became sterile. Plaintiffs sued both the feed supplier, who had blended the mixture, and Central Soya, claiming breach of the implied warranties of merchantability and fitness for a particular purpose under the UCC. The Pennsylvania Supreme Court ruled that the plaintiffs could recover from Central Soya even though they were not in privity with Central Soya. It based its decision on a desire to eliminate any dichotomy between claims which might be asserted pursuant to Section 402A of the Restatement (Second) of Torts and breach of warranty claims *Kassab*, 246 A.2d at 852–55.

Of course, the damages claimed in *Kassab* were for damage to the plaintiffs' cows, which constituted their personal property. Following *Kassab*, there remained a question as to whether the Pennsylvania Supreme Court intended to abolish the privity requirement only in cases involving personal injury or property damage as opposed to economic loss. The question arose because of the *Kassab* court's reason for abolishing the privity requirement, which was to bring into line the law governing strict products liability and breach of warranty claims. Because property damage and personal injury comprise the most usual "products liability" cases, there was room to argue that the *Kassab* court's reasoning would not extend to cases involving purely economic loss or loss to business—types of damages which arguably arise more often in commercial breach of contract cases than in products liability cases.

In 1989, however, the Pennsylvania Superior Court ruled that *Kassab* "was intended to apply to all breach of warranty cases brought under the warranty provisions of the Uniform Commercial Code for all types of damages, whether they be personal injuries, damage to property or economic loss." *Spagnol Enterprises, Inc. v. Digital*

*Equipment Corp.*, 390 Pa.Super. 372, 568 A.2d 948, 952 (1989).

In *Spagnol*, plaintiff purchased computer equipment manufactured by Digital Equipment Corp. ("Digital"). The sale was accomplished through a middleman. When the computer later malfunctioned, plaintiff sued Digital for the resulting injury to its business. The court likened the case before it to *Kassab*, stating:

> As in *Kassab* where the plaintiffs' business (of breeding and raising dairy animals) was injured by the manufacturer's product (synthetic hormone contaminated feed), the plaintiffs instantly had its business (through the inability to computerize various aspects of the Spagnol Enterprises, Inc. and the needless expenditure of money associated with programming) injured by Digital's defectively manufactured product (computer).

*Spagnol*, 568 A.2d at 952.

The court in *Spagnol* thus interpreted *Kassab* to allow a plaintiff to recover "where injury has been incurred as the result of a defectively manufactured product which in turn results in a needless expenditure of monies in attempting to make the defective product operational and functional so as to be productive in a 'business-sense.'" To hold otherwise, the court stated, "would be to permit a manufacturer to place a product in the stream of the market and plead no liability when the instrument does not conform to the buyer's needs which were known by the manufacturer at the time the item was sold." *Id. See also Moscatiello v. Pittsburgh Contractors Equipment Co.*, 407 Pa.Super. 378, 595 A.2d 1198 (1991) (manufacturer of a paving machine held liable to eventual purchaser for breach of warranty).[1]

### III. Other Pennsylvania Cases Cited By Hodgson Do Not Alter the Court's Conclusion

Hodgson cites *Manor Junior College v. Kaller's, Inc.*, 352 Pa.Super. 310, 507 A.2d 1245 (1986), and *Johnson v. General Mo-*

---

**1.** In both *Spagnol* and *Moscatiello*, the manufacturers had been in contact with and were aware of the plaintiffs' desire to purchase their equipment before the purchases. Those facts were not crucial to the courts' decisions in this regard, however.

*tors Corp.*, 349 Pa.Super. 147, 502 A.2d 1317 (1986), in support of its argument that privity is required in order for Israel Phoenix to recover for breach of warranty under Pennsylvania law. Each of these is distinguishable, however, and neither mandates the result Hodgson urges. Rather, based upon the Pennsylvania law set forth above, it appears as if the Pennsylvania Supreme Court will rule that privity is not required in order for plaintiffs to recover even in cases involving purely economic loss, such as that at bar.

In *Johnson*, for example, a woman brought suit over an allegedly defective automobile transmission. She claimed damages as compensation for her repair costs and the high risk of danger, physical harm and property damage resulting from the alleged defect. The Pennsylvania Superior Court ruled that she did not have standing to assert a breach of warranty claim because she was neither the buyer of the car nor a third-party beneficiary of the contract between the buyer and the automobile manufacturer. The court in *Johnson* was addressing issues of horizontal privity rather than vertical privity, however. *Cf. Kassab*, 246 A.2d at 855. Its ruling that the plaintiff was neither a buyer of the automobile in her own right nor a third-party beneficiary under 13 Pa.C.S.A. § 2318 does not control this court's decision with regard to whether vertical privity is required for recovery. *Id.*[2]

In *Manor Junior College*, a college had contracted with Kaller's, Inc. ("Kaller's") to install a new roof on one of its buildings. Kaller's entered into an informal subcontract arrangement with a roofing company pursuant to which Kaller's would provide the materials and the roofing company would provide the services for the roofing job. After problems developed with the roof, Manor Junior College sued both Kaller's and the roofing company. The Pennsylvania Superior Court affirmed a jury verdict for the roofing company on the breach of warranty claim against it.

The Superior Court's ruling on this issue does not support Hodgson's position, however. Instead, the court concluded that lack of privity would not have precluded a claim against the roofing company if the college had based its claim upon either section 402A or the warranty provisions of the UCC. The case before the court was based upon neither, however. No claim had been asserted under section 402A, and the UCC did not apply because the roofing company was supplying services, not goods. *Manor Junior College*, 507 A.2d at 1249. In contrast, the case before this court is governed by the UCC. Thus, presumably, even the court in *Manor Junior College* would agree that privity is not required for recovery on a breach of warranty claim.

Further, both *Johnson* and *Manor Junior College* were decided in 1986, before *Spagnol* and *Moscatiello*. Although Pennsylvania law on this issue may have been unclear after *Johnson* and *Manor Junior College* (*see King v. Hilton–Davis*, 855 F.2d 1047 (3d Cir.1988)), the Pennsylvania Superior Court has provided clear guidance since then in *Spagnol* and *Moscatiello*.

IV. *Pennsylvania Courts Have Not Limited Kassab to Cases in Which Tort Remedies are Available*

There appears to be some merit to Hodgson's contention that the rationale for the abolition of privity in breach of warranty cases is not present in this case. Under Pennsylvania law, Israel Phoenix cannot assert a strict products liability claim. *See King*, 855 F.2d 1047; *Lower Lake Dock Co. v. Messinger Bearing Corp.*, 395 Pa.Super. 456, 577 A.2d 631 (1990); *REM Coal Co., Inc. v. Clark Equipment Co.*, 386 Pa.Super. 401, 563 A.2d 128 (1989) (all holding that tort theories of negligence and strict products liability cannot afford recovery in actions between commercial enterprises where the only damage is to the product itself). Because there is no tort remedy available to Israel Phoenix, Hodg-

---

**2.** *Johnson* was overruled on other grounds in *REM Coal Co., Inc. v. Clark Equipment Co.*, 386 Pa.Super. 401, 563 A.2d 128 (1989).

son argues that there is no reason to abolish the privity requirement with regard to its breach of warranty claims.

As noted above, the privity requirement in breach of warranty claims was abolished in an attempt to eliminate a dichotomy between breach of warranty claims and strict products liability claims. In *Kassab,* the court was concerned with the possible inequities resulting from a situation in which a plaintiff's lack of privity with a manufacturer prevented recovery merely because his or her complaint had been filed in assumpsit rather than trespass. *Kassab,* 246 A.2d at 854. *See also Manor Junior College,* 507 A.2d at 1249 (recognizing that the Pennsylvania Supreme Court had eliminated the requirement of privity in breach of warranty cases "so as to achieve a symmetry between cases brought in tort under Section 402A of the Restatement (Second) of Torts (1965) and those actions brought under the warranty provisions of the U.C.C.").

Because Israel Phoenix cannot assert a strict products liability claim, Hodgson argues that this is not a case in which lack of privity would preclude Israel Phoenix from recovering merely because its claim sounded in contract rather than tort. Therefore, it contends, there is no reason to abolish the privity requirement in this case.

Hodgson's contention in this regard must be rejected, however. The case pending before this court is not materially different from those which the Pennsylvania Superior Court faced in *Spagnol* and *Moscatiello.* Both *Spagnol* and *Moscatiello* appear to be the type of cases in which recovery under tort theories would be precluded. The court in *Moscatiello,* in fact, acknowledged the *REM Coal* line of cases in its opinion. *Moscatiello,* 595 A.2d at 1201. Nevertheless, the Pennsylvania Superior Court ruled that privity was not required in those cases, and the Pennsylvania Superior Court is the best available resource for this court to use in predicting how the Pennsylvania Supreme Court will rule on the privity issue.

V. *Conclusion*

For the reasons set forth above, the court rejects Hodgson's contention that Israel Phoenix lacks standing to assert breach of warranty claims against it.