## Nicolescu v. Kerr

C.P. of Monroe County, no. 8189 Civil 1997.

*David R. Lipka,* for plaintiffs.
*Arthur L. Zulick,* for defendant.

WALLACH MILLER, *J.,* August 10, 1998—On August 8, 1983, Salvator and Natalie Melucci purchased a lot in the Royal Oaks Subdivision in Jackson Township, Monroe County, Pennsylvania. Sometime in 1985, they entered into a contract with defendant Kenneth Kerr to construct a single-family residence on that property. The construction was completed and the Meluccis lived on the property until September 15, 1994, when they sold the property to Florea and Elena Nicolescu. Subsequently, the Nicolescus sold the property to Marian Niculescu and Mihaela Daniela Niculescu on July 10, 1997.

On April 24, 1998, the second and third purchasers of this residence, plaintiffs, filed a complaint against the defendant builder, alleging that the roof of the property was improperly designed and installed, and further alleging that the cost of repair is $16,818.88. The complaint contains two counts: the first, stating a theory in negligence and the second, a breach of contract. On May 5, 1998, defendant filed preliminary objections to the complaint, including a demurrer, contending that the complaint fails to state a cause of action for negligence or for breach of contract. Alternatively, defendant seeks a more specific pleading because the complaint does not allege whether the contract upon which

the plaintiff relies was written or oral, and if written, a copy is not attached to the complaint as required by the Rules of Civil Procedure. Pa.R.C.P. 1019(h).

The parties appeared before the court on July 6, 1998, for oral argument and both parties have submitted briefs in support of their respective positions.

Defendant's preliminary objection to Count I of plaintiffs' complaint is based on the theory that Pennsylvania courts have consistently held that an action does not sound in tort for economic damages alone. *Spivack v. Berks Ridge Corp. Inc.,* 402 Pa. Super. 73, 586 A.2d 402 (1990). More specifically, the general rule of law is that economic losses may not be recovered in negligence actions absent physical injury or property damage. *Aikens v. Baltimore & Ohio Railroad Co.,* 348 Pa. Super. 17, 501 A.2d 277 (1985). The plaintiffs argue that we should continue what they term as a "growing trend in Pennsylvania" concerning a contractor's liability for damages to third persons for undiscoverable or latent, dangerous conditions. In support of their position, plaintiffs cite to *Gilbert v. Consolidated Rail Corp.,* 154 Pa. Commw. 249, 623 A.2d 873 (1993). A review of that case indicates that it concerned a wrongful death action and not purely economic damages. The plaintiffs also cite *Pusey v. Groff,* no. 97-1822, 1998 Pa. Super. Lexis 23 (Jan. 23, 1998). Our research indicates that this opinion was withdrawn by the Superior Court on April 9, 1998, thus, we need not discuss its impact on our current case. Moreover, plaintiffs have not averred, in their complaint, any physical injury or property damage resulting from the defendant's alleged actions or lack thereof. Therefore, we agree with defendant that the complaint fails to state a cause of action

for negligence and as a consequence, we sustain defendant's preliminary objection on this count in the nature of a demurrer.

Next, plaintiffs contend that defendant had a contract with the Meluccis to construct the house and further allege that they are in privity of contract with defendants because they are the successors in title to the property from the Meluccis.

As a general rule, a contract action cannot be maintained against a person who is not a party to the contract, unless the plaintiff is a third party beneficiary of a contract, or the suit is for product liability or for breach of warranty. *Manor Junior College v. Kaller's Inc.,* 352 Pa. Super. 310, 507 A.2d 1245 (1986). The facts, as alleged in the complaint, show no basis for the finding of the third party beneficiary status for plaintiffs, nor have plaintiffs alleged that they are third party beneficiaries of the earlier 1985 contract.

A ruling on preliminary objections in the nature of a demurrer requires a review of all well-pleaded facts in the complaint and all inferences reasonably deducted therefrom, must be accepted as true. *Creeger Brick & Building Supply Inc. v. Mid-State Bank & Trust Co.,* 385 Pa. Super. 30, 32, 560 A.2d 151, 152 (1989). The courts will sustain a demurrer only when it appears with certainty that the law permits no recovering under the allegations pleaded. *Id.* at 32-33, 560 A.2d at 152. While plaintiffs urge us to adopt what they call a "continuing trend" to allow an expansion of a contractor's liability for defective workmanship and design, they have given us no basis or appellate authority to do so. Thus, we sustain the defendant's preliminary objections and dismiss the complaint. However, if plaintiffs can do so, we will permit them to file an amended complaint alleging theories recognizable under the law.

## ORDER

And now, August 10, 1998, the defendant's preliminary objections in the nature of a demurrer are sustained and the complaint is dismissed.

Plaintiffs shall have 20 days from the date of this order to file an amended complaint.