## Leeder v. DeSimone

*Kenneth C. Russell,* for plaintiff.
*Gavin R. Laboski,* for defendants DeSimone.
*Barry DeGroot,* for defendant Coldwell Banker.
*Daniel D. McCaffery,* for defendant Arlington Capital Mortgage Corporation.

FINLEY, *J.,* September 30, 2009—Plaintiff, Rachel Leeder, appeals from this court's order dated May 25, 2007, sustaining the preliminary objections of defendant, Arlington Capital Mortgage Corporation.

## FACTUAL AND PROCEDURAL HISTORY

The instant action is based in part, upon an agreement of sale entered into on February 9, 2006, between plaintiff and Raymond and Donna DeSimone, for the sale of real property located at 21 Maher Lane, Newtown, PA 18940. The agreement provided that the DeSimones

would purchase the property for $1,265,000, with a closing date of August 30, 2006. Plaintiff averred that the agreement contained no resale contingency clause which would allow the DeSimones to void the agreement if they were unable to sell their present home.

Prior to the execution of the agreement, the DeSimones presented a pre-approval letter (dated February 9, 2006) provided by defendant Arlington. As part of the agreement, the DeSimones were obligated to provide a mortgage commitment letter to plaintiff's agent on or before March 15, 2006, but failed to provide any such document by that date. On March 27, 2006, a commitment letter was submitted to plaintiff's agent indicating that the DeSimones would have to sell their primary home in order to obtain a mortgage from defendant Arlington. Plaintiff asserts that these terms were in direct contradiction to the pre-approval letter and the agreement, which did not contain resale contingency clauses.

Plaintiff averred that in April 2006, the DeSimones informed plaintiff's agent that they had to sell their Pocono real estate home in order to buy the property, which plaintiff avers did in fact occur. Upon the sale of the Pocono real estate, plaintiff avers that her agent contacted defendant Arlington who informed the agent that they are required to issue the "mortgage commitment based upon the way the applicant wants it written up" and that "Mr. DeSimone had requested his commitment be written up this way."

On June 6, 2006, the DeSimones requested that plaintiff relist the property in an attempt to find another buyer since they had not sold their primary home as of that date. On June 26, 2006, plaintiff informed the DeSimones of their failure to fulfill their contractual obligations under the agreement.

On October 16, 2006, plaintiff filed the instant complaint against defendant Arlington, pleading an action for breach of contract as a third-party beneficiary to a contract between the DeSimones and defendant Arlington. Plaintiff asserts this claim based upon the contradictory terms and conditions contained in the pre-approval and commitment letters issued to the DeSimones by defendant Arlington.

On November 22, 2006, defendant Arlington filed preliminary objections by way of demurrer to the complaint, asserting insufficient specificity and legal insufficiency. On May 25, 2007, after argument of counsel, said objections were sustained and the complaint was dismissed without prejudice.

On April 3, 2009, plaintiff filed a petition to discontinue action against the DeSimones and Caldwell Banker Hearthside—Washington Crossing. On April 22, 2009, a rule to show cause was issued with a rule returnable date of May 11, 2009. On June 15, 2009, an order was issued making the rule absolute and plaintiff was granted leave to have the matter settled, discontinued, and ended as to the DeSimones and Coldwell Banker Hearthside—Washington Crossing. Said order also deemed the May 25, 2007, order to be a final order for appeal purposes and thus, permitted plaintiff to now appeal the grant of defendant Arlington's preliminary objections.

## ISSUE PRESENTED

Appellant raises the following issue for consideration in the concise statement of matters complained of on appeal:

"Whether the court committed an error of law when it sustained preliminary objections in the nature of a

demurrer of defendant, Arlington Capital Mortgage Corporation, and dismissed defendant from a breach of contract claim after finding plaintiff was not a third-party beneficiary to the commitment letter between the purchaser of real estate and their mortgage company."

## LEGAL ANALYSIS

Pennsylvania is a fact-pleading state in which a complaint must place the defendant on notice of what the plaintiff's claim is, state the grounds upon which the claim rests and contain a summary of the essential facts that support the claim. *Alpha Tau Omega Fraternity v. University of Pennsylvania,* 318 Pa. Super. 293, 298, 464 A.2d 1349, 1352 (1983).

It is well-settled that a preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient and such objections should be sustained if the plaintiff has failed to assert a legally cognizable cause of action. *Strausser v. PRAMCO III,* 944 A.2d 761, 764-65 (Pa. Super. 2008), citing *Excavation Technologies Inc. v. Columbia Gas Company of Pennsylvania,* 936 A.2d 111, 113 (Pa. Super. 2007); *Kramer v. Dunn,* 749 A.2d 984, 990 (Pa. Super. 2000). Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a demurrer is properly sustained. *McArdle v. Tronetti,* 426 Pa. Super. 607, 611, 627 A.2d 1219, 1221 (1993). On appeal, a trial court's decision will be reviewed for error of law or abuse of discretion and absent those findings, the decision will not be reversed. *In re Estate of Sauers,* 971 A.2d 1265, 1272 (Pa. Super. 2009), citing *Clemleddy Construction Inc. v. Yorston,* 810 A.2d 693, 696 (Pa. Super. 2002), citing *Denlinger Inc. v. Agresta,* 714 A.2d 1048, 1050 (Pa. Super. 1998).

A demurrer is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. *Lerner v. Lerner,* 954 A.2d 1229, 1234 ( Pa. Super. 2008), citing *Binswanger v. Levy,* 311 Pa. Super. 41, 43, 457 A.2d 103, 104 (1983). A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. *Id.* The question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.* Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Wawa Inc. v. Alexander J. Litwornia & Associates,* 817 A.2d 543, 544 (Pa. Super. 2003) (quoting *Price v. Brown,* 545 Pa. 216, 221, 680 A.2d 1149, 1151 (1996)). In making this determination, the trial court may only consider matters that arise out of the complaint itself and cannot supply a fact missing in the complaint. *Binswanger v. Levy,* 311 Pa. Super. 41, 43, 457 A.2d 103, 104 (1983).

The trial court is required to resolve the issues based solely on the pleadings, by examining the averments in the complaint, together with any documents or exhibits attached thereto, and should not consider testimony or additional evidence outside the parameters of the complaint. *Id.* The trial court must accept the material facts set forth within the pleading and all reasonable inferences deducible therefrom as true, in order to determine the sufficiency of the facts averred and whether the pleading would allow recovery if ultimately proven. The instant matter concerns a preliminary objection in the form of a demurrer whereby plaintiff's breach of contract action was dismissed without prejudice for failure to state a cause of action.

First and foremost, "[a]s a general rule, an action on a contract cannot be maintained against a person who is not a party to the contract unless the plaintiff is a third-party beneficiary of the contract . . . ." *State Public School Building Authority v. Noble C. Quandel Co.,* 137 Pa. Commw. 252, 260, 585 A.2d 1136, 1140 (1991). (footnote omitted) In assessing whether plaintiff has cultivated a legally cognizable claim as a third-party beneficiary of the agreement between the DeSimones and defendant Arlington, we look to authority concerning the evolution of third-party beneficiary law in Pennsylvania.

Traditionally, our courts have held that a party does not become a third-party beneficiary to a contract unless both parties to the contract so intend and that intention is expressly indicated in the contract itself. See *Scarpitti v. Weborg,* 530 Pa. 366, 370, 609 A.2d 147, 149 (1992), citing *Spires v. Hanover Fire Insurance Co.,* 364 Pa. 52, 70 A.2d 828 (1950); see also, *Manor Junior College v. Kaller's Inc.,* 352 Pa. Super. 310, 313, 507 A.2d 1245, 1246 (1986). However, an exception to this rule was created by our Supreme Court after the adoption of section 302 of the Restatement (Second) of Contracts in *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983).

Under section 302, a third party may have rights under a contract, even in instances where it is not expressly indicated, if it is in accord with the intention of the original contracting parties. Specifically, section 302 provides:

"(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if the recognition of a right to performance in

the beneficiary is appropriate to effectuate the intentions of the parties either:

"(a) The performance of the promise will satisfy an obligation of the promise to pay money to the beneficiary; or

"(b) The circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance

"(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary." Restatement (Second) of Contracts, §302 (1979).

Our Supreme Court explains that "a party becomes a third-party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself . . . *unless, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties,* and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance . . . ." *Limbach Co. LLC v. City of Philadelphia,* 905 A.2d 567, 573 (Pa. Commw. 2006) quoting *Scarpitti v. Weborg,* 530 Pa. 366, 372-73, 609 A.2d 147, 150-51 (1992). (emphasis in original)

First and foremost, we begin our discussion by noting that the complaint is unclear as to what specific contract defendant Arlington breached and is void of any reference about the terms of said contract. The only contract specifically named by plaintiff concerns the agreement of sale—a contract that was executed by plaintiff and the

DeSimones, and to which defendant Arlington was never a party.

However, assuming that plaintiff is in fact referring to the prospective loan transaction between defendant Arlington and the DeSimones via the commitment letter issued, plaintiff attempts to set forth a cause of action for breach of contract as a third-party beneficiary with the following relevant averments:

"(34) The pre-approval letter stated that the DeSimones had 'requested that we send you this letter as evidence of [the DeSimones] ability to purchase a price not to exceed $1,450,000 using financing up to $1,200,000.'

"(35) The pre-approval letter stated that it was [defendant Arlington's] 'opinion that [the DeSimones were] financially capable of purchasing this home according to the terms of the contract for purchase discussed.'

"(38) [Defendant Arlington] encouraged the DeSimones to provide the pre-approval letter to the seller to 'give them comfort' that you have a bona-fide intent to purchase the home subject to the execution of the agreement to purchase.

"(39) As a result of the express terms of [defendant Arlington's] pre-approval letter, [plaintiff] became a third-party beneficiary of the transaction between [defendant Arlington] and the DeSimones.

"(40) Most importantly in the pre-approval letter, [defendant Arlington] indicated that the offer 'was not contingent upon the sale of any real estate.'

"(42) After the pre-approval letter was written, the DeSimones were able to sell one of their pieces of real

estate, which made the funds that were previously tied up in real estate 'liquid' which actually improved their financial situation to purchase the [plaintiff's] property.

"(43) Despite the improvement in the DeSimones' financial situation, after the agreement of sale was executed, [defendant Arlington] failed to provide the [DeSimones] with a commitment letter consistent with the pre-approval letter.

"(44) After the execution of the agreement of sale, the DeSimones actively worked with [defendant Arlington] and instructed them to provide a commitment letter which would not meet the terms of the agreement of sale.

"(45) Specifically, the commitment letter issued on March 27, 2006, did not satisfy the mortgage terms as stated in paragraph 6(A) of the agreement of sale.

"(46) Further and directly contrary to the agreement of sale, the commitment letter required the sale of the DeSimones' present home.

"(47) It is believed and therefore averred that the DeSimones and [defendant Arlington] actively created the terms of the commitment letter knowing that said terms protected the DeSimones from the DeSimones' obligations under the agreement of sale and it provided the DeSimones an ability to get out of the agreement of sale.

"(48) It is believed and therefore averred that the DeSimones dictated the terms of the commitment letter and [defendant Arlington] moved forward to blindly agree to those dictated terms despite its pre-approval letter which provided different terms to the DeSimones.

"(49) Plaintiff was a third-party beneficiary to the agreement between the DeSimones and [defendant Arlington].

"(50) [Defendant Arlington] breached the agreement with the DeSimones and [plaintiff], as a third-party beneficiary was harmed as a result thereof."

Plaintiff does not attach any exhibits evidencing a contract by the DeSimones and defendant Arlington to the complaint. Rather, to support this action plaintiff appends copies of the pre-approval and commitment letters. The pre-approval letter provided in full:

"Windsor Financial Mortgage Corporation (defendant Arlington) is currently working on your file and has Pre Approved you for a mortgage loan for the purchase of the above property through Windsor Financial's (defendant Arlington) Underwriting System. You have requested that we send you this letter as evidence of your financial ability to purchase a price not to exceed $1,450,000 using financing up to $1,200,000. *Based on preliminary assessment of your credit, along with information presented, but not yet verified, regarding income and assets available, it is our opinion that you are financially capable of purchasing this home according to the terms of the contract for purchase discussed.*

*This opinion is based on the preliminary information presented by you and should not be construed as our commitment to make the financing package available until all information has been verified and assessed by our underwriter.* Please feel free to give this opinion letter to the seller or their representatives to give them comfort that you have a bona-fide intent to purchase the home subject to the execution of the agreement to pur-

chase and other customary provisions in such transactions. Please note that this offer is not contingent upon the sale of any real estate. A commitment letter will be made available to you upon completion of the processing and underwriting of the loan package. This offer is not contingent upon the sale of any property." (emphasis added)

Under the traditional view of third-party beneficiary law, plaintiff has failed to plead a legally cognizable cause of action as the pre-approval letter is void of any language that either of the parties to the loan transaction expressly intended to make plaintiff a third-party beneficiary to the contract. First, the letter is clearly addressed to "Raymond and Donna DeSimone" concerning property which is "to be determined" and lacks any reference to the property or plaintiff. Furthermore, aside from containing no reference to plaintiff or the property, the letter also makes clear that the opinions and statements contained therein are based entirely upon preliminary information and assessments and should not be construed as being a commitment to execute the prospective mortgage loan. Subsequently, the loan transaction was never completed between the DeSimones and defendant Arlington.

Also in support of her action, plaintiff attaches the commitment letter given to the DeSimones, in which defendant Arlington included the following condition:

"You (the DeSimones) must sell your current property located at 466 Pineville Rd. Newtown, PA. A fully executed copy of the HUD-1 settlement . . . on that property, reflecting net proceeds of at least $586,174 must be

provided at or prior to your settlement with us (defendant Arlington). You must either pay off your present mortgage loan(s) with or provide satisfactory proof of assumption, at or prior to your settlement with us."[1]

Plaintiff avers that this condition in the commitment letter issued by defendant Arlington was in direct contradiction to both the pre-approval letter and the agreement of sale previously executed, therefore constituting a breach of contract to which she was a third-party beneficiary. However, while the commitment letter does at least reference the property at issue, it is clearly void of any express language that plaintiff is to be a third-party beneficiary of the prospective loan transaction detailed therein. Furthermore, the complaint is void of specific averments wherein plaintiff is afforded such status, making it evident from these exhibits that plaintiff's claim of said beneficiary status is not premised on the actual terms of the contract or any other express intention of the parties to make plaintiff a third-party beneficiary.

Since the terms of the exhibits are not dispositive of plaintiff's status, we shift our analysis to whether the cause of action is legally cognizable under the section 302 of the Restatement (Second) of Contracts, as adopted by our Supreme Court in *Scarpitti,* whereby a person may obtain status as a third-party beneficiary when the "circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance." See *Scarpitti v. Weborg,* 530 Pa. 366, 373, 609 A.2d 147, 151 (1992); Restatement (Second) of Contracts, section 302 (1979).

---

1. Attached as exhibit C of plaintiff's complaint.

As a preliminary matter, we stress that plaintiff does not set forth any averments as to her status as an intended third-party beneficiary under section 302, but rather specifically asserts that she attained such status through the express terms of the pre-approval letter. That aside, we address the sufficiency of the action under section 302 and while plaintiff may have been a future beneficiary of the proposed loan transaction between the DeSimones and defendant Arlington, the fact remains that plaintiff still failed to aver what contract defendant Arlington breached and thus, plaintiff does not assert a legally cognizable cause of action. The complaint also lacks sufficient specificity as to how plaintiff became a third-party beneficiary to this contract; a contract that was never actually executed between defendant Arlington and the DeSimones.

We note that plaintiff's claim is largely premised on language contained in the pre-approval and commitment letters provided by defendant Arlington, yet plaintiff fails to aver how the contradictory terms actually resulted in defendant Arlington breaching a contract to which she was a third-party beneficiary. The pre-approval letter addressed to the DeSimones explicitly states that it is "based on the preliminary information . . . and should not be construed as [a] commitment to make the financing package available until all information has been verified and assessed by [the] underwriter."[2] Thus, in response to the preliminary objections filed by defendant Arlington, we determined based upon our assessment of the complaint and our understanding of the law, that

2. Exhibit B of plaintiff's complaint.

plaintiff had not pled sufficient facts to maintain a cause of action as a third-party beneficiary, and concluded that said objections were to be sustained and we dismissed the complaint without prejudice.

## CONCLUSION

As filed, the complaint did not contain a summary of essential facts and grounds to assert a breach of contract action against defendant Arlington and we conclude that plaintiff failed to set forth a legally cognizable cause of action under the law to recover as a third-party beneficiary. Plaintiff failed to aver with sufficient specificity which contract was breached and how she became a third-party beneficiary to said contract between defendant Arlington and the DeSimones based upon the language contained in the pre-approval and commitment letters. Both letters are void of any terms contemplating plaintiff as a beneficiary and thus as a result, defendant Arlington's objections were sustained and the complaint was dismissed without prejudice.