605 A.2d 413

MARSTELLER COMMUNITY WATER
AUTHORITY, Appellant,

v.

P.J. LEHMAN ENGINEERS, Redevelopment Authority
of Cambria County and Barr Township.

Superior Court of Pennsylvania.

Argued Jan. 16, 1992.

Filed March 26, 1992.

388

James D. Carmella, Indiana, for appellant.

L. Edward Glass, Johnstown, for P.J. Lehman Engineers, appellee.

Before CAVANAUGH, WIEAND and HESTER, JJ.

HESTER, Judge:

This is an appeal from a June 13, 1991 order granting preliminary objections and dismissing this action. The sole issue is whether appellant, Marsteller Community Water Authority ("Marsteller"), has standing to sue appellees, P.J. Lehman Engineers ("Lehman"), the Redevelopment Authority of Cambria County ("Authority"), and Barr Township ("Township").[1] We conclude that appellant has standing to sue each of the appellees. Accordingly, we reverse.

Initially, we discuss our standard of review when the trial court has granted preliminary objections.

---

1. Although the parties are all governmental agencies (except Lehman), the case is properly here rather than in Commonwealth Court since the case was decided entirely on the basis of common law contract principles. *Burgettstown–Smith Township Joint Sewage Authority v. Langeloth Townsite Co.*, 403 Pa.Super. 84, 588 A.2d 43 (1991).

A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom. *McGaha v. Matter,* 365 Pa.Super. 6, 8, 528 A.2d 988, 989 (1987); *Pike County Hotels, Corp. v. Kiefer,* 262 Pa.Super. 126, 133, 396 A.2d 677, 681 (1978). It tests the legal sufficiency of the challenged complaint and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief may be granted. *Mudd v. Hoffman Homes For Youths, Inc.,* 374 Pa.Super. 522, 524, 543 A.2d 1092, 1093 (1988). *Kelly–Springfield Tire Co. v. D'Ambro,* 408 Pa.Super. 301, 303, 596 A.2d 867, 868 (1991), quoting *Creeger Brick v. Mid–State Bank,* 385 Pa.Super. 30, 32–33, 560 A.2d 151, 153 (1989).

In compliance with this standard, we must review the allegations in the complaint. Marsteller is a municipal authority formed by the supervisors of Barr Township to provide the water supply to residents of the Village of Marsteller in Barr Township, Cambria County. The water system was not in compliance with relevant state environmental requirements, and Marsteller commissioned a report that specified what must be done to bring the system into compliance with state law. A copy of the report is attached to the complaint.

The engineer's report attached to the complaint was prepared for "Marsteller Community Water Authority" and states that Marsteller's water system is in need of improvement to bring it into compliance with the Pennsylvania Department of Environmental Resources ("DER") current rules and regulations. The report provides that the water system will be owned and operated by Marsteller.

The Redevelopment Authority of Cambria County was organized by the Cambria County Commissioners under the Urban Redevelopment Authority Law. 35 P.S. § 1701, *et seq.* In 1987, the Township received grants totalling $525,-000 to improve the water system owned and operated by Marsteller. The Township entered into an agreement with the Authority and delegated to it the Township's authority

to administer the grant. The relevant agreements and grant submissions are in the sole possession of the Township and the Authority. Marsteller was the intended beneficiary of the grant.

The Authority hired Lehman to perform the engineering services for the evaluation, design, bidding, administration, and inspection of the construction contracts for the improvement of the water system in a series of three contracts, which are in the sole possession of the Authority and Lehman. Marsteller was the intended beneficiary of these agreements. Appellees, jointly, adopted changes to the proposed system improvements, and work was not performed according to the report specifications. The complaint alleges that the system still is not capable of performing in accordance with mandated state guidelines.

A reasonable inference from the remaining, specific allegations forming the causes of action against appellees is that appellees received the engineering report, and Lehman was to use the specifications in the report to upgrade the water system. The complaint alleges that the improvements performed failed to bring the system in compliance with the DER requirements outlined in the report.

Appellees filed preliminary objections in the nature of a demurrer on numerous grounds, including that appellant lacked standing to pursue the action. Appellees failed to produce copies of the grants or the majority of the agreements mentioned in the complaint and alleged to be in their sole possession. Appellees produced only the second part of one contract between the Authority and Lehman and the agreement between the Township and the Authority regarding the Marsteller improvement grant.[2] As to the portion of the contract produced, it is obviously the generic portion of the agreement between Lehman and the Authority and contains general contract provisions that could be applicable

[2] Appellant filed a motion for production of the other documents, including the grants and agreements between Lehman and the Authority. That motion was pending at the time that preliminary objections were granted.

to any contract signed by the Authority. The agreement between the Township and the Authority provides that the Township is "ultimately responsible for administering the respective program funds as outlined in the formal application for funds." Defendant's Exhibit A at 1. It notes that the funds will be used for the acquisition, design, and construction of the water system improvements in the Village of Marsteller, and it delegates the Township's authority to administer and manage the grant funds to the Authority.

■ We now examine the sole legal issue presented in this appeal, which is Marsteller's standing to pursue this action.[3] The standing issue, however, is different as it relates to Lehman and to the two public bodies. Marsteller's standing to object to governmental action is controlled by a different body of law than Marsteller's standing to pursue this action against Lehman, which is not a public body and which has no direct contractual relationship with Marsteller. We first address the issue of standing against the Township and Authority.

In *Sprague v. Casey*, 520 Pa. 38, 550 A.2d 184 (1988), and *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), our Supreme Court set forth the standing test applicable to actions by government bodies. Those cases provide that if a party has been sufficiently aggrieved by any government action, the party will have standing to sue that governmental agency. Sufficient adverse interest to confer standing is present if the governmental action had a substantial impact on the party in a direct and immediate manner. *Sprague v. Casey, supra.* In *William Penn,* the Court held that a party will have standing if their interest in the subject matter of the litigation is direct, immediate, and monetary.

**3.** We note that Marsteller has alleged numerous, specific instances of misfeasance against both the Township and the Authority in administering the grant for Marsteller's benefit. As the issue in this appeal involves only standing, we do not express an opinion on whether Marsteller has stated a cause of action against appellees.

Viewed in accordance with this standard, it is clear that Marsteller has standing against the Township and the Authority. Those public entities received grants that they were to administer for the benefit of Marsteller to bring its water system into compliance with the DER requirements so that it can continue to provide water to its customers. According to the allegations in the complaint, the negligence of the Township and Authority in administering the grants is directly responsible for Marsteller's continued failure to meet those requirements. Marsteller now is unable financially to bring itself into compliance with DER regulations due to dissipation of grant funds that the Township and Authority assumed responsibility to administer for its benefit. This is a substantial and direct adverse monetary aggrievement from the governmental action.

In refusing to grant standing to Marsteller, the trial court reasoned that the residents of the Village of Marsteller were more appropriate plaintiffs. However, the fact that other parties may have standing to pursue an action against appellees does not mean that Marsteller does not have standing. Marsteller owns and operates the system that was to be improved with the grant money. It was directly and substantially aggrieved by the failure of the Township and Authority to properly oversee the improvements and to ensure that DER requirements were satisfied. Marsteller has standing under the applicable standard, and it is not relevant that other parties also are aggrieved by the actions of the Township and Authority.

As to Lehman, the issue of standing hinges on whether Marsteller is a third party beneficiary of the contract between Lehman and the Authority. A party is not a third party beneficiary of a contract unless the contract states an intent to benefit the third party. *Spires v. Hanover Insurance Co.*, 364 Pa. 52, 70 A.2d 828 (1950). Thus, the fact that the obligee knows that he will perform the contracted-for services for a third party is not, in itself, sufficient to vest the third party with standing to sue on the contract. *Manor Junior College v. Kaller's Inc.*, 352

Pa.Super. 310, 507 A.2d 1245 (1986) (owner of building did not have standing to sue for breach of verbal contract between contractor and subcontractor to perform repairs on building).

■ The record is woefully deficient on this issue. According to the allegations in the complaint, Marsteller was the intended beneficiary of three contracts entered into between the Authority and Lehman. Yet the trial court ruled on this issue while a motion for production of the relevant documents was pending. A partial, generalized portion of one contract is contained in the preliminary objections filed by appellees. This leads us to the conclusion that as to the *specifics* of the contracts, *viz*, what Lehman was to do and for what consideration, Marsteller's name appears quite often. This conclusion is reinforced by the fact that the preparer of the report used in the grant process expressly acknowledges that the report was prepared for Marsteller and Marsteller was to own and operate the recommended improvements outlined in the report.

*Scales v. Sheffield Fabricating and Machine Co.*, 258 Pa.Super. 568, 393 A.2d 680 (1978), provides guidance. In *Scales,* an engineering company alleged that it was the intended beneficiary of an agreement between the Pennsylvania Department of Commerce and a production company. The production company was granted money to produce a model of a truck designed by the engineering company. Attached to the contract between the department and the production company was a proposal by the engineering company, and the proposal stated that the engineering company was to be in charge of the engineering work necessary to develop the truck. We held that the engineering company was the third party beneficiary of the agreement and could enforce payment for its services.

In the present case, the averments in the complaint, which we must accept as true if not controverted, state that Marsteller is the intended beneficiary of both the grant and the contracts between Lehman and the Authority. These averments are reinforced by the numerous references to

Marsteller in the report used in the grant process and the reference to Marsteller in the agreement between the Township and the Authority. Furthermore, appellees failed to produce the relevant portions of the three agreements calling for the construction of the improvements. In accordance with our standard of review when preliminary objections are granted and with only the allegations in the complaint before us, we conclude that Marsteller has standing against Lehman.

Order reversed and case remanded. Jurisdiction relinquished.

CAVANAUGH, J., files a dissenting Opinion.

CAVANAUGH, Judge, dissenting:

I respectfully dissent and would transfer this case to Commonwealth Court. This court recently noted in *Wilson v. School District of Philadelphia*, 410 Pa.Super. 416, 418, 600 A.2d 210, 211 (1991) that:

[W]e retain the power and, indeed, the responsibility to determine whether retention of jurisdiction in this case is appropriate or, alternatively, whether the matter should be transferred to Commonwealth Court. *Lara, Inc. v. Dorney Park Coaster Co., Inc.*, 369 Pa.Super. 27, 534 A.2d 1062 (1987). *See also* Pa.R.A.P. 741, 751.

42 Pa.C.S. § 762(a)(4)(i)(A) provides, in pertinent part, that the Commonwealth Court shall have exclusive jurisdiction over appeals from the Courts of Common Pleas concerning:

"All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision may be formed or incorporated or where is drawn into question the application, interpretation, or enforcement of any:

(A) Statute regulating the affairs of political subdivisions, municipality and other local authorities or other

public corporations or of the officers, employees or agents thereof acting in their official capacity

All parties to this appeal, with the exception of Lehman Engineering, are Cambria County or Barr Township agencies and authorities. The Cambria County Redevelopment Authority was organized to oversee and implement grants pursuant to the Urban Redevelopment Authority Law 35 Pa.C.S. § 1702 *et seq.* The Marsteller Community Water Authority is a political subdivision of Barr Township incorporated to provide water service to the village of Marsteller.

Federal and state grant funds were expended to upgrade a water system, the water system as upgraded does not comply with Department of Environmental Resources standards, and cannot be issued a permit. Appellant Marsteller Water Authority filed suit to recover those funds which were expended. The appellee defendants raised preliminary objections which challenged appellant's standing to sue, which were granted, and this appeal followed.

The appellees have argued that the Water Authority lacks standing to sue for three reasons. First, they contend that the Water Authority is not a party to the contract and cannot sue as an incidental beneficiary. Secondly, they argue that any recovery could not be paid to Marsteller Water Authority because such payment would circumvent the regulatory framework for administering grants and allow the Authority to spend without supervision. Finally, it is alleged that allowing an authority to sue the township which created it would have a serious negative policy impact in the development of Pennsylvania's municipal improvement projects.

Under these circumstances, I conclude that this case falls within the appellate jurisdiction of the Commonwealth Court. Section 762 is phrased in the disjunctive, allowing for alternate grounds for establishing jurisdiction. The first ground is when the proceeding arises under a planning or zoning code under which a political subdivision may be formed. Clearly, the subject matter of this appeal, whether Marsteller as a formed political subdivision has standing to

sue up the chain of authority, falls within the ambit of the jurisdictional statute.

Additionally, appellees Barr Township and Cambria County have argued that Marsteller Water Authority may not administer the grant money, and that a water authority should not be allowed to sue the township under which it was formed. These both are issues relating to the interpretation of statutes "regulating the affairs of political subdivisions" and are best left to the Commonwealth Court and its particular expertise to decide. As this issue falls within that court's portion of the "legislatively ordained division of labor", *Newman v. Thorn*, 359 Pa.Super. 274, 518 A.2d 1231 (1986), I would transfer this case to the Commonwealth Court.