632 A.2d 906

**DRESSEL ASSOCIATES, INC., Appellant,**

**v.**

**JOHN A. WELSCH REAL ESTATE APPRAISERS, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1993.

Filed Oct. 18, 1993.

380

Thomas W. Renwand, Pittsburgh, for appellant.
Thomas J. Dempsey, Pittsburgh, for appellee.

Before ROWLEY, President Judge, and WIEAND and CIRILLO, JJ.

WIEAND, Judge:

Dressel Associates, Inc. (Dressel) contracted with Raimund G. Rueger to purchase Rueger's interest in a Pittsburgh Office building. The price was to be determined consistently with an independent appraisal, by which both parties agreed to be bound. The appraiser selected by the parties was John A. Welsch Real Estate Appraisers, Inc. (Welsch). An appraisal was then made and formed the basis on which the buyer and seller closed their transaction. Thereafter, Dressel filed an action against Welsch in which it claimed that the appraisal had contained errors, had been negligently made, and had caused Dressel to be damaged. Welsch filed preliminary objections in the nature of a demurrer to the complaint, which were sustained by the trial court. From the adverse ruling of the trial court, Dressel appealed.

When considering an appeal from an order granting preliminary objections in the nature of demurrer, we must accept as true all well pleaded facts in the complaint and all reasonable inferences to be drawn therefrom. The demurrer will be sustained only if it is certain that the law does not permit recovery under the facts pleaded. *Daniel Adams Assoc. v. Rimbach Pub. Inc.*, 287 Pa.Super. 74, 76, 429 A.2d 726, 727 (1981). See also: *AM/PM Franchise Assoc. v. Atlantic Richfield Co.*, 373 Pa.Super. 572, 576, 542 A.2d 90, 92 (1988), *modified*, 526 Pa. 110, 584 A.2d 915 (1990).

In dismissing Dressel's complaint and entering judgment in favor of Welsch, the trial court relied upon paragraph 3 of the sales agreement between Dressel and Rueger which provided as follows:

The appraiser's opinion of the fair market value shall be conclusive and binding upon Buyer [Dressel] and Seller [Rueger] and neither party shall have any right to challenge the appraiser's determination of the Property's fair market

value, except upon proof of fraud or collusion between the appraiser and one of the parties hereto.

The court concluded that Welsch was intended to be a third party beneficiary of this provision and, therefore, immune from liability to either party for carelessness in making its appraisal. It is clear, however, that Welsch was employed orally by both buyer and seller and that his employment agreement did not include such immunity.

■ Under Pennsylvania law, a third party may enjoy the benefits of a contractual agreement if both parties to the contract affirmatively state their intention to benefit the third party in the contract itself. *Spires v. Hanover Fire Ins. Co.,* 364 Pa. 52, 70 A.2d 828 (1950). See also: *Scarpitti v. Weborg,* 530 Pa. 366, 372–373, 609 A.2d 147, 149–150 (1992); *Marsteller Community Water Auth. v. P.J. Lehman Engineers,* 413 Pa.Super. 387, 393, 605 A.2d 413, 416 (1992).

■ After carefully reviewing the Dressel–Rueger agreement, we conclude that neither party expressly intended to establish third party benefits in favor of the appraiser. Paragraph 3 of the agreement of sale, when read in context with the entire agreement, is clearly an attempt by Rueger and Dressel to define their corresponding rights inter se. The language used does not indicate that they intended to relieve the appraiser of a duty to exercise care and diligence in making the appraisal or of liability for failure to use the skill employed by others engaged in a similar profession. We conclude, therefore, that Welsch was not intended to be a third party beneficiary of the provision in the sales agreement by which buyer and seller agreed to be bound by and to close their transaction for a price to be determined by Welsch's appraisal.

In *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983), the Pennsylvania Supreme Court adopted Section 302 of the Restatement (Second) of Contracts (1979) pertaining to intended and incidental beneficiaries of contracts. This section of the Restatement is as follows:

## § 302. Intended and Incidental Beneficiaries

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

This, the Court said, provides:

"a two part test for determining whether one is an intended third party beneficiary: (1) the recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." The first part of the test sets forth a standing requirement. For any suit to be brought, the right to performance must be "appropriate to effectuate the intentions of the parties." This general condition restricts the application of the second part of the test, which defines the intended beneficiary as either a creditor beneficiary (§ 302(1)(a)) or a donee beneficiary (§ 302(1)(b)), though these terms are not themselves used by Restatement (Second). Section 302(2) defines all beneficiaries who are not intentional beneficiaries as incidental beneficiaries. The standing requirement leaves discretion with the trial court to determine whether recognition of third party beneficiary status would be "appropriate." If the two steps of the test are met, the beneficiary is an intended beneficiary "unless otherwise agreed between promisor and promisee."

*Guy v. Liederbach, supra* at 60–61, 459 A.2d at 751. See also: *Scarpitti v. Weborg, supra* at 372, 609 A.2d at 149; *Gerace v.*

*Holmes Protection of Philadelphia,* 357 Pa.Super. 467, 516 A.2d 354 (1986), *allocatur denied,* 515 Pa. 580, 527 A.2d 541 (1987).

In the instant case, Welsch fails to meet either part of the test. To achieve standing as a third party beneficiary under the Restatement approach, the facts must be "so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties...." *Scarpitti v. Weborg, supra* at 373, 609 A.2d at 150. Welsch was one of five appraisers approved in advance by the parties. The parties did not add provisions to their sales agreement in order to induce Welsch to undertake the appraisal. On the contrary, paragraph 3 of their agreement was inserted in order to ascertain a fair price, simplify their negotiations and fix their corresponding obligations to each other. Welsch was agreed upon by the parties and employed to make the appraisal by an independent contract of hire. He was paid separately for his services. Granting him immunity for negligence in making the appraisal was not necessary to further the intention of the parties to reach a satisfactory price for the real estate interest being sold.

Welsch also cannot meet the second part of the test. The appraisal that he was hired to make will not satisfy an obligation owed by either party to the sales agreement, and the circumstances do not indicate that either party intended to benefit Welsch by their agreement. Welsch was neither a creditor beneficiary nor a donee beneficiary. He simply was not intended to be a beneficiary of the agreement between the buyer and the seller which was intended only to fix the rights and obligations between them.[1]

■ There is no merit in appellee's contention that an appraiser should be granted the same immunity as an arbitrator. An arbitrator hired to assist in dispute resolution serves in a quasi-judicial role. Welsch, however, was employed to

1. We do not find the expressed intention of the parties to be ambiguous in any way. If they were ambiguous, however, so as to require parol evidence to ascertain the parties' true intent, a judgment on the pleadings in favor of the appraiser was nevertheless inappropriate.

provide a professional service and, like other professionals, was responsible to use skill and care in performing the service for which he was hired. .Such a person is not entitled to the same immunity from liability as the law provides for judicial officers.

Reversed and remanded for further proceedings. Jurisdiction is not retained.