New Castle Area Transit Authority v. Franus

Louis M. Perrotta, for plaintiff.

Mark F. McKenna, for defendant North Coast Commercial Roofing System of Pa. Inc.

COX, *J.,* August 30, 2006—Before the court for disposition are the preliminary objections to plaintiff's complaint filed by the defendant, North Coast Commercial Roofing Systems of Pennsylvania Inc. Plaintiff, New Castle Area Transit Authority, filed a voluminous complaint on April 29, 2005 alleging generally that the roof constructed at the new transit authority building and bus garage was leaking water and causing damage to the building as a result of those leaks. In its complaint, plaintiff pleaded various counts against the defendant, North Coast, including Count VII—breach of contract, Count VIII—quantum meruit, Count IX—breach of implied warranty, Count X—breach of express warranty, Count XI—negligence and Count XII—negligent design. In response to the complaint, the defendant, North Coast, filed preliminary objections to two (2) Counts. The first preliminary objection is in the nature of legal insuffi-

ciency of a pleading—demurrer, under Pa.R.C.P. 1028(a)(4), to Count VII—breach of contract, and a motion for more specific statement, which the court will treat as a preliminary objection in the nature of insufficient specificity in a pleading under Pa.R.C.P. 1028(a)(3), regarding Count X—breach of express warranty.

This action stems from the design and construction of a new office and maintenance facility for the plaintiff at 311 Mahoning Avenue, New Castle, Pennsylvania. The defendant North Coast is a distributor of commercial roofing products, including those products manufactured by another defendant, Atas International Inc., and was the only distributor of those roofing products in the geographical region serving Lawrence County, Pennsylvania. As such, the approved roofing materials from Atas were purchased through North Coast by another defendant who was to install the roof, Panther Associates and Supply Corporation. The office and maintenance facility was subsequently constructed and is now utilized by the plaintiff, however, plaintiff complains of numerous leakage problems with the roof supplied by North Coast. The court will turn first to the initial preliminary objection in the nature of a demurrer regarding the breach of contract claim.

A preliminary objection in the nature of a demurrer tests the legal sufficiency of the complaint. *Jefferies v. Hoffman,* 417 Pa. 1, 4, 207 A.2d 774, 775 (1965); *Sexton v. PNC Bank,* 792 A.2d 602 (Pa. Super. 2002). A demurrer tests the legal sufficiency of a complaint and sets forth the assertion that the pleading does not establish a cause of action upon which relief can be granted. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991); *Amal-*

gamated *Transit Union v. Port Authority of Allegheny County,* 71 Pa. Commw. 600, 601-602, 455 A.2d 1265, 1266 (1983). The question presented by a demurrer is whether, based upon the facts averred, the law says with certainty that no recovery is possible. *Hess v. Gebhard & Co. Inc.,* 769 A.2d 1186, 1194 (Pa. Super. 2001); *Edwards v. Germantown Hospital and Phatak,* 736 A.2d 612 (Pa. Super. 1999). Simply stated, in ruling upon a demurrer, the issue for the court is whether the complaint states a cause of action. *Clouser v. Shamokin Packing Company,* 240 Pa. Super. 268, 361 A.2d 836 (1976).

Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleading; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurrer. *Morley v. Gory,* 814 A.2d 762, 764 (Pa. Super. 2002) (citing *Mistick Inc. v. Northwestern National Casualty Company*, 806 A.2d 39 (Pa. Super. 2002).

The standard of review is to determine whether the complaint adequately states a claim for relief under any theory of law. To evaluate a demurrer under this standard, the court must accept as true all material averments of the complaint and may sustain the demurrer only if the law will not permit a recovery. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Morley v. Gory, supra.* The court must accept all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom as true. *Powell v. Drumheller,* 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). When ruling upon preliminary objections in the nature of a demur-

rer, the court must accept as true all well-pleaded facts and all reasonable inferences therefrom. *Sweatt v. Department of Corrections,* 769 A.2d 574, 576 (Pa. Commw. 2001). In considering the demurrer, every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken as admitted. *Clouser v. Shamokin Packing Company, supra.*

For purposes of the review of the complaint, only well-pleaded material facts are admitted and not conclusions of law. *McKeeman v. Corestates Bank N.A. and Security Abstract of Pa. Inc.,* 751 A.2d 655 (Pa. Super. 2000). A demurrer does not admit the pleader's conclusions of law. *Clouser v. Shamokin Packing Company, supra.* When deciding whether to sustain a demurrer, the court's examination and analysis is limited to the complaint. Looking only at the complaint, the court must make a determination as to the sufficiency of facts pled and whether, if said facts are ultimately proven, recovery is certain. *Hess v. Gebhard & Co. Inc., supra.* The test is whether it is clear from all the facts pled that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief. *League of Women Voters v. Commonwealth,* 692 A.2d 263 (Pa. Commw. 1997).

Preliminary objections, the end result of which would be the dismissal of a cause of action, should be sustained only in cases that are free and clear from doubt. *Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992). A demurrer may only be granted in a case that is so free from doubt a trial would be a fruitless exercise. *Hess v. Gebhard & Co. Inc., supra.* Preliminary objections on the grounds

of legal insufficiency should be sustained when it appears with certainty that the law permits no recovery under the allegations pled and any doubts in the determination should be resolved by overruling the objection. *Willet v. Pennsylvania Medical Catastrophe Fund,* 549 Pa. 613, 702 A.2d 850 (1997). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Morley v. Gory, supra; Edwards v. Germantown Hospital and Phatak, supra; Powell v. Drumheller, supra.* If the complaint shows that the claim is devoid of merit, the demurrer should be sustained. But if there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to enter it. *Clouser v. Shamokin Packing Company, supra.*

The defendant North Coast contends that the plaintiff has failed to aver sufficient material facts that the plaintiff is a third-party beneficiary under any contract in which North Coast supplied the Atas roofing materials for the new facility. There are no averments in the complaint that there was any contract directly between the plaintiff and North Coast. Thus, plaintiff is seeking to be determined a third-party beneficiary under the contract between North Coast and defendant, Panther, which was the roofing installation subcontractor. An examination of the complaint reveals the following facts alleged against North Coast.

In the general body of the complaint, plaintiff alleges that North Coast is a distributor of commercial roofing products, including Atas roofing products. In paragraph 33, plaintiff contends that it was a third-party beneficiary to any contractor agreement involving construction

of the new facility. Regarding the specific counts against North Coast, the complaint avers that North Coast was the only distributor for the Atas roofing system in this geographical area and thus provided the Atas roofing materials for the new facility. The roofing materials were supplied from North Coast to Panther pursuant to an agreement reached between those parties, however, plaintiff has been unable to determine at this stage whether said agreement was in writing. Plaintiff avers that North Coast had knowledge that the roofing materials were being supplied for the benefit of the plaintiff. Plaintiff alleges in paragraph 146 that it was a third-party beneficiary between North Coast and Panther. Plaintiff avers in paragraphs 61 and 64 that North Coast provided comments and changes to the Atas roof drawings in April of 2001 and that the roof drawings contained feedback from North Coast from April 17, 2001. Based on these averments, plaintiff claims a cause of action for breach of contract against defendant North Coast, as a third-party beneficiary.

For a number of years the doctrine enunciating the status of third-party beneficiaries was set forth in *Spires v. Hanover Fire Insurance Company,* 364 Pa. 52, 70 A.2d 828 (1950). The Supreme Court held that in order to be a third-party beneficiary entitled to recover on a contract, it is not enough that it be intended by one of the parties to the contract and the third person that the latter should be a beneficiary, but both parties to the contract must so intend and must indicate that intention in the contract. A promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his under-

taking; the obligation to the third-party must be created, and must affirmatively appear, in the contract itself.

This rule was relaxed somewhat in *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983). The Supreme Court acknowledged that under the current Pennsylvania law, for a third-party beneficiary to have standing to recover on a contract, both parties, promisor and promisee, must express an intention that the third-party be a beneficiary to whom the promisor's obligation runs in the contract itself. In *Guy,* the Supreme Court adopted section 302 of the Restatement (Second) of Contracts. *Spires* was over-ruled to the extent that it stated and established the exclusive test for third-party beneficiaries. In *Guy,* the Supreme Court set forth a two-part test for determining whether one is an intended third-party beneficiary: (1) the recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and (2) that performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promise's performance." The first part of the test sets forth a standing requirement. For any suit to be brought, the right to performance must be "appropriate to effectuate the intentions of the parties." This general condition precedes the application of the second part of the test, which defines the intended beneficiary as either a creditor beneficiary or a donee beneficiary. The standing requirement leaves discretion with the trial court to determine whether recognition of third-party beneficiary status would be "appropriate." If the two steps of the test are met, the beneficiary is an intended beneficiary "unless otherwise agreed between promisor and promisee." The court expressed the opinion that the

Restatement (Second) of Contracts section 302 provided an analysis of third-party beneficiaries which permitted a properly restricted cause of action for beneficiaries such as the one in the *Guy* case.

The *Guy* case involved the drafting of a will and whether an intended beneficiary under the will could sue the attorney drafting the will. This case was one of first impression where a named beneficiary of a will, who was also named executrix, has a cause of action against the attorney who drafted the will and directed her to witness it, where the fact that she witnessed a will voided her entire legacy and her appointment as executrix under then existing New Jersey law. The Supreme Court held that a negligence cause of action for professional malpractice did not arise, however, a named legatee of a will may bring suit as an intended third-party beneficiary of the contract between the attorney and the testator for the drafting of a will which specifically names the legatee as a recipient of all or part of the estate. The Supreme Court held that the grant of standing to a narrow class of third-party beneficiaries seems "appropriate" under Restatement (Second) of Contracts section 302 where the intent for benefit is clear and the testator is unable to enforce the contract.

Subsequent to *Guy,* our Superior Court has had an opportunity to review the doctrine of third-party beneficiary. In *Manor Junior College v. Kaller's Inc.,* 352 Pa. Super 310, 507 A.2d 1245 (1986). Manor Junior College, entered into a written contract with Kaller's Inc. in which Kaller's Inc. was to install a new roof on a college building. Kaller's Inc. then subsequently entered into an unwritten agreement with John J. Spencer Roofing Inc. for

that company to provide the labor necessary to replace the old roof with the new one. After problems arose with the installation of the new roof, Manor Junior College brought suit against both Kaller's Inc. and Spencer. Spencer was dismissed from the lawsuit at the trial level and an appeal followed. The Superior Court noted the long-standing rule for designation of a third-party beneficiary as clearly established by *Spires v. Hanover Insurance Company, supra*. The Superior Court acknowledged that the *Guy* case also set forth an acceptable method to determine third-party beneficiary but indicated that the Supreme Court has repronounced the basic principle established in *Spires* and that the new test was restricted to a "narrow class" and was seen as a supplement to the *Spires* standard. *Guy* was interpreted to be limited to cases involving a legatee and a situation which either closely resembles the subject of the *Guy* case or is as compelling. The Superior Court then went on to apply the *Spires* test and ruled that a party does not become a third-party beneficiary unless both parties to the contract express an intention to benefit the third-party in the contract itself.

A later panel of the Superior Court in *Marsteller Community Water Authority v. P.J. Lehman Engineers*, 413 Pa. Super. 387, 605 A.2d 413 (1992), also followed both the *Spires* and *Manor Junior College* cases. That court also held that a party is not a third-party beneficiary of a contract unless a contract states an intent to benefit the third-party. The fact that the obligee knows that he will perform the contracted-for services for a third-party is not, in itself, sufficient to vest the third-party with standing to sue on the contract. This case concurs with the

prior Superior Court case in *Manor Junior College* in interpreting the *Guy* case.

This court concurs with the interpretation of *Guy* by the two subsequent Superior Court cases. *Guy* should be interpreted narrowly, otherwise, almost any party could be a third-party beneficiary, despite a contract not including that party. Nearly anyone having construction done could be a third-party beneficiary by virtue of the contractor entering into an agreement with a supplier for building materials. The first part of the two-prong test in *Guy* is not met in that recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties." In this situation, the intention of the parties is simply for the sale and purchase of roofing materials. It is clearly not the intention of both parties to have a third-party beneficiary be so intertwined with the contract. The party seeking to be a third-party beneficiary has a remedy against the party with whom he engaged with directly for the services and supplies. This additional cause of action by a third-party beneficiary would be unnecessary, as a cause of action already exists against the one party who dealt directly with the beneficiary and that party could further join the other party as an additional defendant if appropriate. This was not an option in the *Guy* case, thus its expansion of the *Spires* rule was proper for that situation. The *Guy* court acknowledged that the trial court should have discretion to determine the recognition of third-party beneficiary status and merely limited the application of *Spires* and did not completely overrule it.

In the case sub judice the legal conclusion pleaded by the plaintiff averred that it was a third-party beneficiary to all contracts is not admitted by the defendant North

Coast. The only material facts set forth in the complaint alluding to North Coast acknowledging that plaintiff was a third-party beneficiary are averments that comments and changes were made by North Coast to the Atas roof drawings. The content of these comments and changes are not set forth, so the court has no knowledge whether they were minor or major changes, whether they referenced the plaintiff, or Panther, or what the contents were. The court determines that this is insufficient to establish a right to relief.

Even if the rule set forth in Restatement (Second) of Contracts section 302 was proper under this case, plaintiff has failed to meet the first step of the test for determining party beneficiary. The Supreme Court indicated that the trial court was to determine standing. In this case, the recognition of the plaintiff's right must be appropriate to effectuate the intention of North Coast and Panther. There are no material facts presented to the court to refute that the only intention of North Coast and Panther was to sell and purchase the roofing products between themselves. Each side clearly receives a benefit in the transaction. This was not the case in *Guy* in that the scrivener of the will clearly intended that the legatee be a beneficiary of the contract between counsel and the scrivener so that the legatee would receive her inheritance upon the scrivener's death. Nowhere in this case is there any intention shown that the plaintiff was considered by North Coast to be a party of the contract or foreseen as a beneficiary under the contract.

Therefore, the preliminary objection as to legal insufficiency of a pleading shall be sustained as to Count VII—breach of contract.

The next preliminary objection is termed a motion for more specific statement as to breach of express warranty claim against North Coast. North Coast asserts that plaintiff has failed to expressly allege an express warranty in its complaint. The only paragraph addressing breach of express warranty in the complaint is paragraph 173, which avers that North Coast expressly affirmed to the plaintiff that it could provide roofing materials which would be merchantable, fit for their particular purpose and free from structural and design defects. This paragraph merely utilizes the language of 13 Pa.C.S.A. §2313(a)(1), which states that:

"*Section 2313. Express warranties by affirmation, promise, description or sample*

"*(a) General rule.*—Express warranties by the seller are created as follows:

"(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."

Subparagraph (b) of section 2313 indicates that formal words or a specific intention are not required in order to make an express warranty.

To create an express warranty, the seller must expressly communicate the terms of the warranty to the buyer in such a manner that the buyer understands those terms and accepts them. *Goodman v. PPG Industries Inc.,* 849 A.2d 1239, (Pa. Super. 2004), *appeal granted,* 582 Pa. 699, 871 A.2d 191 (2005), *affirmed,* 584 Pa. 537, 885 A.2d 982 (2005).

In the complaint, the averment is that North Coast expressly affirmed to the plaintiff that it could provide roofing products. There are no material facts set forth in the complaint as to whether this expressed affirmation was oral or written, the manner in how it was communicated to the plaintiff, as North Coast was involved merely as a supplier of Atas roofing materials to Panther, and there are no averments it was the plaintiff who understood the communication and accepted that communication as an express warranty. Utilizing the phrase "expressly affirmed" is merely a legal conclusion. As such, there are no material facts at this stage alleged in the complaint which would establish plaintiff's right to relief under the theory of breach of express warranty against the defendant North Coast. Therefore, the preliminary objection in the nature of insufficient specificity in a pleading shall also be sustained.

For the foregoing reasons, the preliminary objections to plaintiff's complaint filed by defendant North Coast Commercial Roofing Systems of Pennsylvania Inc. shall be sustained.

## ORDER

Now August 30, 2006, in accordance with the accompanying opinion and after consideration of the preliminary objections to the plaintiff's complaint filed by the defendant, North Coast Commercial Roofing Systems of Pennsylvania Inc., it is hereby ordered, adjudged and decreed as follows:

(1) The defendant's preliminary objection in the nature of legal insufficiency of a pleading—demurrer is sus-

tained to the extent that plaintiff's cause of action set forth in Count VII—breach of contract is dismissed.

(2) Defendant's preliminary objection entitled motion for specific statement as to breach of express warranty claim against North Coast, which is in the nature of a preliminary objection alleging insufficient specificity in a pleading, regarding Count X—breach of express warranty, is sustained. Plaintiff may file an amended complaint as to Count X—breach of express warranty, only, within 20 days after notice of this order of court.

(3) Any additional oral argument scheduled on the preliminary objections filed by defendant, North Coast Commercial Roofing Systems of Pennsylvania Inc. was inadvertent and is hereby canceled as this court has ruled on the preliminary objections by virtue of this order of court and accompanying opinion.

(4) The prothonotary shall serve a copy of this order of court upon counsel of record.